UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEAN L. WOODS, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 03-CV-0171-CVE-SAJ |
| | ) |
| PROVIDENT LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|        **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Brief in Support of De Novo Review, Right to Discovery and Right to Jury Trial (Dkt # 16). Defendant has filed a response (Dkt. # 17) and plaintiff has filed a reply (Dkt. # 18).

### I.

Plaintiff filed this action to recover benefits and enforce his rights under the Employment Retirement and Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"). Specifically, plaintiff challenges the decision of defendant to deny him long-term disability benefits under an insurance plan provided to plaintiff through his employer, ASEC Manufacturing Company ("ASEC"). The following is a brief reiteration of the facts relevant to the issues currently before the Court.

Plaintiff was employed by ASEC when his physical condition gradually began to deteriorate to the point he was forced to limit his work hours. Initially, plaintiff simply cut back on the amount of hours he was working, but eventually was unable to work due to his physical problems. Plaintiff applied for disability benefits from his employer's disability insurance carrier, Provident Life and

Accident Company ("Provident"). The parties do not disagree that plaintiff received short-term disability payments of approximately $480 every two weeks. However, these benefits were not converted into long-term disability benefits, as Provident terminated plaintiff's disability benefits after finding that he was not disabled within the meaning of the insurance plan ("Plan"). Plaintiff has fully appealed Provident's decision to terminate benefits and plaintiff has exhausted all administrative remedies.

The Plan defines long-term disability using an "any occupation" standard and grants the plan administrator discretionary authority to make all benefits determinations, subject to an internal review process. The Plan states that

> [e]xcept for those functions that this Policy specifically reserves for the Policyholder, the Policyholder delegates and agrees that we shall have full, exclusive, and discretionary authority to control, manage, and administer claims, and to interpret and resolve all questions arising out of the administration, interpretation and application of this Policy.

Response Brief of Defendant Provident Life Insurance Company of America Regarding ERISA-related Issues (Dkt. # 17), Ex. 3, Group Long Term Disability Insurance Policy, at 27. The Plan also grants the plan administrator authority to make any determinations about coverage or eligibility, the right to make rules to enforce the policy and to review any coverage decisions upon request of a beneficiary. Id.

**II.**

As an initial matter, the Court must decide on the proper standard of review for plaintiff's ERISA claim. As a plan beneficiary, plaintiff has the right to federal court review of benefit denials and terminations under ERISA. "ERISA was enacted to promote the interests of employees and their beneficiaries in employee benefit plans." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101,

2

113 (1989). Specifically, 29 U.S.C. § 1132(a)(1)(b) grants plaintiff the right "to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The default standard of review is de novo. However, when a plan gives the claims administrator discretionary authority to determine eligibility for benefits or to construe the terms of a plan, a challenge under section 1132(a)(1)(B) is to be reviewed under an arbitrary and capricious standard. See Firestone, 489 U.S. at 115 (courts must apply the appropriate standard "regardless of whether the plan at issue is funded or unfunded and regardless of whether the administrator or fiduciary is operating under possible or actual conflict of interest. Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of discretion.").

Under the two-tier "sliding scale" approach adopted by the Tenth Circuit, a "reduction in deference is appropriate" where there is an inherent or proven conflict of interest. Fought v. Unum Life Ins. Co. of America, 379 F.3d 997, 1006 (10th Cir. 2004). If plaintiff shows a conflict of interest, deference to the administrator's decision is reduced and the burden shifts to Provident to prove "that its interpretation of the terms of the plan is reasonable and that its application of those terms to the claimant is supported by substantial evidence." Id.

In a conflict of interest situation, the determinative inquiry is whether the administrator's decision was supported by substantial evidence. " 'Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the [decisionmaker].' Substantial evidence requires 'more than a scintilla but less than a preponderance.' " Sandoval v. Aetna Life & Cas. Inc. Co., 967 F.2d 377, 382 (10th Cir. 1992) (citations omitted).

"The district court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest." Allison v. Unum Life Ins. Co. of America, 381 F.3d 1015, 1022 (10th Cir. 2004). The Court considers the record as a whole, but it considers only that information available to the plan administrator at the time the decision was made. Hall v. Unum Life Ins. Co. of America, 300 F.3d 1197, 1201 (10th Cir. 2002); Chambers v. Family Health Plan Corp., 100 F.3d 818, 823 (10th Cir. 1996) ("The reviewing court may consider only the evidence that the administrators themselves considered."). The Court must "take into account whatever in the record fairly detracts from the weight of the evidence in support of the administrator's decision." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994) (internal citations and quotation marks omitted). The Court gives less deference to an administrator's conclusions if the administrator fails to gather or examine relevant evidence. See Caldwell v. Life Ins. Co. of North America, 287 F.3d 1276, 1282 (10th Cir. 2002). Yet, the Court "will not set aside a benefit decision if it was based on a reasonable interpretation of the plan's terms and was made in good faith." Trujillo v. Cyprus Amax Minerals Co., Ret. Plan Comm., 203 F.3d 733, 736 (10th Cir. 2000).

The proper standard of review in this case is the "arbitrary and capricious" standard discussed by the Tenth Circuit in Fought. Plaintiff asserts that the proper standard of review in this case is de novo. He argues that the state law rules for interpretation of an insurance contract are "saved" under 29 U.S.C. § 1144(b)(2)(A) and require the Court to interpret the contract provisions without deference to the plan administrator's benefits decision. However, the Plan expressly provides that the plan administrator is given the discretion to interpret policy provisions and make eligibility decisions. In situations where the policy grants discretionary authority to the plan

administrator, a federal court reviewing the administrator's decision applies an "abuse of discretion" standard.[1] See Firestone, 489 U.S. at 115; Fought, 379 F.3d at 1002-03. Although Fought establishes a sliding scale that may be more or less deferential to the administrator's decision based on the existence of a conflict of interest, the underlying standard of review still remains the same. Plaintiff has the burden to prove that a conflict of interest exists. Fought, 379 at 1005.

Plaintiff does not directly argue in his initial brief (Dkt. # 16) or his reply brief (Dkt. # 18) whether he is claiming the plan administrator was operating under a conflict of interest at the time he decided to terminate his benefits. In cases where the administrator is operating under an inherent conflict of interest and the plan administrator does not refute the existence of the conflict, the proper standard of review requires the administrator to "justify its decision to exclude coverage by substantial evidence." Id. at 1008. Based on the evidence submitted by the parties, it is clear that Provident is operating under an inherent conflict of interest, given its dual roles as the plan administrator and the insurer. Therefore, the Court will apply an "arbitrary and capricious" standard of review, but defendant must demonstrate the reasonableness of its decision to deny coverage by showing that the conflict of interest did not influence its decision and that the coverage determination was supported by substantial evidence.

### III.

Plaintiff seeks a jury trial on his ERISA claim. Plaintiff claims that this is nothing more than a contractual dispute seeking monetary damages under a contract. ERISA does not specifically state

---

[1]  The terms "abuse of discretion" and "arbitrary and capricious" are interchangeable terms in this instance, both referring to a standard of review deferential to the plan administrator's benefits decision.

5

whether a jury should be utilized to decide claims for relief under the Act. Zimmerman v. Sloss Equip., Inc., 72 F.3d 822, 829 (10th Cir. 1995). However, plaintiff's claim against Provident is governed by ERISA, which allows for equitable relief only, and therefore plaintiff does not have the right to a jury trial on his ERISA claim. Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1158-59 (10th Cir. 1998) (holding that the relief granted by ERISA was equitable in nature and that plaintiffs are not entitled to a jury trial on ERISA claims); see also Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 996-97 (9th Cir. 2000) (collecting citations discussing equitable nature of relief in ERISA cases).

## IV.

Plaintiff requests additional discovery, beyond the evidence contained in the administrative record. In ERISA cases, the court may "only consider the arguments and evidence before the administrator at the time it made that decision." Sandoval v. Aetna Life and Cas. Ins. Co., 967 F.2d 377, 380 (10th Cir. 1992). Under the arbitrary and capricious standard of review, the only relevant materials for the court to consider are those used to make the coverage determination by the plan administrator. Chambers, 100 F.3d at 823 ("[A] district court's review under the arbitrary and capricious standard is limited to the administrative record."). Therefore, plaintiff's request for additional discovery is denied.

**V.**

For the reasons outlined herein, the Court adopts an arbitrary and capricious standard of review for plaintiff's ERISA claim. The **Court** denies plaintiff's request for a jury trial. The Court also **denies** plaintiff's request for discovery outside of the administrative record (see Dkt. ## 16, 17, 18). The Court will enter an ERISA scheduling order forthwith.

**IT IS SO ORDERED** this 24th day of May, 2006.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT